Per Curiam.
The writ of error in this case, was returnable to the present term, which commenced on the first Monday in January. The plaintiff in error failed to file the record, and the defendant in error presents the writ of error executed, and a copy of the record, and moves to dismiss because the record was not filed in time. The law is that the plaintiff in error shall file a copy of the record, with the clerk of this court, on the first day of the term, to which the writ of error is returnable, and if he failed to do so, the defendant in error may have the cause dismissed on motion by producing a copy of the citation executed. H. & H. Digest, 533, sec. 12. It is always deemed sufficient for the defendant to produce a copy of the *444 record, and a certificate of the clerk, that a writ of error has been sued out, and in such cases the invariable practice has been to dismiss. The only question is, whether the act of 1839, has not changed the previous law. By that act, a separate docket is to be kept of the causes in each of the three districts, and the court, by an order, is required to set apart, at least two weeks to each docket. For the convenience of counsel, the law provides that error may be assigned, pleas filed, and appearances entered on the day assigned for taking up the docket, to which the case belongs; but the time for filing papers and records has not been changed, either directly or by necessary implication, and it is therefore still incumbent on parties to file their records on the first day of the term to which they are returnable.

Motion sustained.